IN THE
COURT OF APPEALS FOR THE THIRD CIRCUIT

Appellate No.: 13-2444
District Court No.: 13-cv-0121

ROSS A. FIORANI, Et. al.                    ]
    Appellants, pro se                    ]
                                 ]
    v.                                      ]
                                 ]
HEWLETT PACKARD, Et. al.,                    ]
    Appellees, Et. Al.                      ]



## APPELLANT'S BRIEF

Appellant, Ross Fiorani, (also "Plaintiff" or "Fiorani"), is proceeding pro se on his own, but with direct and indirect assistance from about five (5) States Attorney Generals and its States' Consumer Protection Departments or Divisions on the FTC MMWA Acts and RICO[1] Act, as enacted by Congress' intention to protect consumers whenever a consumer purchases a defective product that is under warranties.

Fiorani appeals the Delaware district court's, sua sponte, improper dismissal of his MMWA-FTC Complaint after the district court had been GRANTED IFP, about 60-days earlier, without comment under 28 U.S.C. § 1915(a)(1) and (d). The

---

[1].  <u>Bridge v. Phoenix Bond & Indemnity Co.</u>, (citation omitted)(2008), held unanimously, "[t]hat a civil RICO plaintiff does not need to show that he/she detrimentally relied on the defendant's alleged misrepresentations. . . .We REVERSED the district court's dismissal of plaintiff's RICO claims because the WDCA does not preempt their RICO claims because plaintiffs have sufficiently pleaded a pattern of racketeering activity. . . ." (Quoted in <u>Brown v. Cassens Transport Co.</u>, (citation omitted) (6th Cir. 2008).

district court never served any defendants, as required by § 1915(d). Suddenly, with -out any legitimate reasons, the district court, sua sponte, reversed its GRANTED IFP stating the complaint must be dismissed, pursuant to 28 U.S.C. § 1915(2)(B)(i) because the complaint was filed against the same defendants in the Northern District for California at San Jose, Oakland, and San Francisco.

Appellant challenges and disputes the factualness of the district court memo as written and entered by district judge Andrews. Appellant is exposing the district court judge's biases, partiality against Fiorani, [p. 1, Memo.] and its clearly implied displayed written evidence of the court's intentional prejudices[2] against Fiorani under the U.S. Supreme Court's holding in re., <u>Liteky</u>, infra., and <u>Monroe v. Pape</u>, (citation omitted) (1961).

---

[2]. In enacting § 1979, Congress intended to give a remedy to parties deprived of their constitutional rights, privileges and immunities by official's who abuse[d] his [powers, authority, and judicial] position. 365 U.S. 171-187. (a) The statutory words "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory" do[es] not exclude acts of an official, [Judge] or the policeman who can show no authority under state laws, custom or usage to do what he did, or even who violated the[] Constituion and laws. 365 U.S. 172-187.

(b). One of the purposes of this legislation was to afford a federal right in federal courts because, by reason of prejudice, passion, neglect, intolerance, or otherwise, state laws might not be enforced and the claims of citizens to the enjoyment of rights, privileges and immunities guaranteed by the Fourteenth Amendment might be denied by state agencies. 365 U.S. 174-180.

(c). The federal remedy is supplementary to the state remedy, and the state remedy need not be sought and refused before a federal remedy is invoked. 365 U.S. 183.

(d). Misuses of power possessed by virtue of State law and made possible because a wrong-doer is clothed with authority of State law is action taken "under color of" laws with- in the meaning of § 1979. <u>United States v. Classic</u>, 313 U.S. 299; and <u>Screws v. United States,</u> 325 U.S. 91; and 365 U.S. 183-187.

## JURISDICTION

This Court has appellate jurisdiction of this case under Title 28 U.S.C. § 1291

## QUESTIONS PRESENTED

1.  Does the Magnuson-Moss Warranty-FTC Acts provide a district court, sua sponte, reasons to dismiss Plaintiff's clearly written complaint by it using § 1915(e)(2)(B)(i) when the complaint states 'felonies' were committed by at least two HP's and Staples' agents and employees of those defendants, under the RICO Act and 18 U.S.C. § 4?

2.  Is it judicial misconduct under 18 U.S.C. § 4 and § 1979, and abuses of judicial discretion when a district court reverses previously GRANTED IFP, some 60-days after learning Plaintiff had filed about 20 months ago in another district court his complaint entitled under Rotella v. Wood, 528 U.S.C. 549, 557 (2000) and Monroe v. Pape, 365 U.S. 168?

3.  Is a district court's 2009 orders against a corporate defendant's illegal 2008 MMWA-FTC and RICO crimes and violations still subject to new prosecution by a consumer when that (same) defendant re-commits and re-violates that court order and State and Federal Acts; But a 2013 Federal district court ignores facts, sua sponte, by dismissing the complaint under § 1915, distorting Plaintiff's complaint as "vexatious, malicious and harassing" against the same defendants five years later?

## BACKGROUND

Before September 2008, Fiorani, ('consumer' or 'Plaintiff'), was in possession of nearly 10 semi-commercial Hewlett Packard ("HP") laptops for the "Agency's" office he works in for nearly 10-years. In 2008, The United States District Court for the Northern District of California, San Jose District, completed an Order in a class action case, in re., LeBlanc, et al v. Hewlett Packard, et al., 09-0328-JW (USDC-ND CA 2009), ordering the defendants, Hewlett Packard, et al., to pay to the class-

plaintiffs financial penalties, compensation, attorneys fees, and restitution to the

tens of thousands, (estimated to be more than 200,000 victims of HP), both financial

compensation, attorneys fees, restitution by promptly giving all plaintiffs new, non-

defective replacement laptop computers, under the Magnuson-Moss Warranty Act, §

2301 - § 2310, FTC Act, § 45(a), and the California Song-Beverly Act, among dozens

of other Federal and States' consumer protection laws.  Consumer Fiorani had three

of the 10 defective Pavilion laptops which was listed as defectively sold by HP and

Staples over about a five-year period.  HP was to comply with and be in compliance

to that Federal court's (USDC-NDCA 09-0328-JW) order as determined by the

district court's San Jose administrator [to the class-action suit].

Fiorani's office had 3 of those defectively manufactured laptops, 'Pavilions'

that HP had knowingly manufactured and that were defective, but sold through its

retailers, Staples Corporation as MMWA-FTC Acts definitions of warrantors under

the Act MMWA, §§ 2301-2310, and UCC, §§ 301-318.

Once Fiorani had learned of that Federal court's Order against HP and that

the office had 3 of those defective laptops after October 1, 2009, Fiorani began to try

to get HP to comply with that California district court's order directing HP to—again

obey that court's order of 2009 and be compliant with all sections, parts and court's

directives to pay over to and replace those defective laptops and also pay over to the

plaintiffs, (victims) of HP, under MMWA, §§ 2301-2310, of which Fiorani is still a

victim of as a consumer as defined in the MMWA, § 2301(3) to § 2310(d) and Title

15 U.S.C. § 45(a) Unfair Trade and Deceptive Business Practices Act, ("UTDBPA")

of the FTC Act. Both complaints, Mr. LeBlanc's and Fiorani's included the various

Federal and Virginia State consumer protection laws, which included the California

Song-Beverly Act. Despite that California Federal district court still holding an

open Order, 09-0328-JW against HP, that same district court has been allowing HP

after 2009 to continue to 'criminally' ignored, disregarded that Order and willfully

refused, for five-years, (2008-2013), any compliance with HP's violations of the FTC

MMWA Acts and California Song-Beverly Act.

Between December 2010 to and after February 2013, despite Fiorani's many

constant attempts to attempt, even with those 2011 to 2013, filed MMWA-FTC and

RICO Acts Complaint which was filed in the first California district court, San Jose,

in December 2011- (received, February 2, 2012), HP and Staples still never obeyed

nor complied with any specific sections, parts, and provisions of the Magnuson-Moss

Warranty Act and Uniform Commercial Code, and FTC's Act, concerning Fiorani's

still having three-defectively manufactured Pavilion laptops by HP and sold to him

by Staples. By MMWA definitions, § 301(7), § 310(d), "A consumer under the MMW

is anyone- an individual or a business— who buys a consumer product "for purposes

other than resale" .. "Any warrantor, defined to include any person or company in

the chain of distribution who has a duty or obligation under the Act to a consumer."

§ 310(d), UCC; and § 2310(d), MMWA.

Moreover, in and after October 1, 2009 to in and after February 2012, Fiorani

with help from the FTC, CFPB, and about five States' AGs' offices and Consumer

Protection Divisions, made dozens of telephone calls to HP and sent many emails,

and wrote many complaint letters, sending copies to HP's agents, case managers,

district managers, regional managers, and executives from HP District or Corporate

Offices in California. Hewlett Packard's CEO, CFO, COO, and President(s) several

have been fired or left between 2008-2013, have been intentionally silent by their

not replying to any types of correspondence, even when sent by Appellant Fiorani a

copy, by Order of the Ninth Circuit's Appeal, (12-16253, 9th Cir. 2012). Hewlett

Packard's attorneys, CEO, President, and Executives were silent by their inactions.

After 2009, it had surfaced in Fiorani's case, with FTC and several SAGs that

HP criminally intended to disregard both the 2009 San Jose, CA, district court's in-

place Court Order on HP's MMWA violations from before Fiorani's filed Complaint

in 2011, clearly describing what acts and illegal conduct is committed by 'warrantor'

before a consumer can raise facts to support a warrantor is being grossly malicious

and is acting criminally by knowingly refusing to comply with an In-Place Federal

Court Order under the FTC Act and § 2310 of the MMWA, and which imposes the

RICO Act's various sections under 18 U.S.C. § 1961, § 1962(c) and § 1964(c). HP is

still selling defective products[3] to consumers. See 18 U.S.C. § 1961, "RICO"[4].

---

[3]. Fiorani's six-separate Pavilion laptops bought over a 10-year period were found to be defective as defined by MMWA-FTC Act and UCC. Fiorani's demands for restitution, compensation, and punitive damages are allowed for and provided by the UCC and MMWA §§ 310(d) and 2310(d). "What Remedies Are Available", "What Are The Grounds For A Suit and Causes of Actions? http://www.socalevo.net; http://www.ftc.gov

[4]. RICO makes it criminal "to conduct" an "enterprise's affairs through a pattern of racketeering activity," 18 U.S.C. § 1962(c). A "pattern" requires at least two acts of racketeering activity, the last of which occurred within 10 years after the commission of a prior act. § 1961(5). A person injured by a RICO violation may bring a civil RICO action.

Page 7 of 24

Therefore, pursuant to these fact-situations and on these circumstances with the direct or indirect assistance from States' AGs and CPDs, Fiorani became the lead-Plaintiff when he refiled his MMWA-FTC Acts and RICO Act Complaint in the U.S. District Court, Northern District of California, San Jose Division on December 2011, (Feb. 2, 2012). And after nearly 24-months of the district court's constantly caused delays and 'judicial volleyball' of Fiorani's complaint and IFP which has still, been 'deliberately or willfully', what appears to be malicious' judicial misconduct by the California district courts' by now three-judges who have handled this case. See docket sheets. (12-1240-USDC-NDCA) and (12-16253, 9th Cir. Aug. 2012).

Plaintiff refiled an IFP with his MMWA FTC, RICO complaint demonstrating the California district courts, San Jose, Oakland, and now San Francisco has been intentionally, either knowingly or recklessly continuing to delay, interfere with and 'unconstitutionally' withhold Plaintiff's IFP and properly written Complaint against those same defendants who have continued to ignore, failed to comply with, refused to by willfulness and recklessness, adverse to §§ 4, 1979, and § 1915, extending to more than 20-months or longer.

By January 2013, after several consultations with the FTC and SAGs, CPDs, attorneys, it was suggested and recommended that Plaintiff Fiorani refile the FTC, MMWA complaint in the U.S. District Court, District of Delaware, to raise several

---

§ 1964(c).

very important 'issues exposing judicial misconduct'[5] as was immediate done when

in less that 14-calendar days, Plaintiff Fiorani's same IFP was GRANTED, while

the California District Courts were continuing to violate Fiorani's Due Process and

Equal Protection of Laws, pursuant to the 14th Amendment.

On April 29, 2013, the district court of Delaware, Judge Andrews reversed his

GRANT of Plaintiff's IFP, by abusing his discretion and committing judicial mis-

conduct under Titles 18 U.S.C. § 4, § 1979, and § 1512, § 1961, et seq.

Accordingly, Plaintiff Fiorani strongly believes that he was Constitutionally

correct and legally justified to refile his nearly five-year old MMWA-FTC, RICO Act

in this district's court.

## STANDARD OF REVIEW

Each of Fiorani's facts, documents, and the circumstances presented herein

for review should be reviewed for clear abuses of discretion. Bryan v. Pittsburgh

Plate Glass Co., 494 F.2d 799 (3rd Cir.); Marroquin-Manriquez v. INS. 699 F.2d 129
    134 (3rd Cir. 1983), (scope of discovery). "An appellate court may find
    abuse of discretion where the "district court's decision rests upon a
    clearly erroneous finding of fact, an errant conclusion of law or
    improper application of law to fact." International Union UAW v. Mack
    Trucks, Inc., 820 F.2d 91, 95 (3rd Cir. 1987) (A finding of fact is clearly
    erroneous when, although there is evidence to support it, the reviewing
    court, based on the entire evidence, concludes with a firm conviction

---

[5]. The text of § 455: The primary source of disqualification law in the federal
judicial system is 28 U.S.C. § 455. It provides, in its entirety, as follows: § 455. Judicial
Disqualification of a justice, judge or magistrate judge: (a) Any justice, judge, or
magistrate judge of the United States shall disqualify himself in any proceeding in which
his impartiality might reasonably be questioned. (b) He shall also disqualify himself in
the following circumstances: (1) Where he has a personal bias or prejudice concerning a
party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

that mistake had been made. <u>Oberti v. Board of Ed. Of Borough of Clement Sch. Dist.</u>, 995 F.2d 1204, 1220 (3rd Cir. 1993).

An appellate court can apply abuse of discretion standard to a district court's sua sponte dismissal of a Plaintiff's complaint when a district court dismisses the complaint under 28 U.S.C. § 1915(e)(2)(B)(i). See <u>Fiorani v. Chrysler-Dodge, Et al.</u>, 12-1280 (3rd Cir. 2013). <u>Tripati v. First Nat. Bank & Trust</u>, 821 F.2d 1368, 1369 (9th Cir. 1987). This Court should follow its prior decisions and Order to reverse this district court's, sua sponte, dismissal of a complaint committing errors by ignoring Fiorani's specific facts, documents, and four (4) years of circumstantial evidence collected against HP and Staples.

The abuse of discretion standard of review reasoning should apply in a sua sponte dismissal of a complaint on a district court's reversal of a previously granted IFP under § 1915(e)(2)(B)(i) because there was not any facts in the complaint that is revealing facts a plaintiff's complaint was not filed with malice against a defendant. "The Federal Rules of Civil Procedure and a court's inherent authority to control its docket empower a district court to dismiss a case as a sanction for failure to follow procedural rules or court orders." See, e.g., Federal Rules of Civil Procedure 37(b)(2)(A)(v); Federal Rules of Civil Procedures 41(b); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629–30 (1962). Nevertheless, []this Court has recognized that "dismissals with prejudice . . . are very drastic sanctions." <u>Poulis</u>, 747 F.2d at 867. ("[i]n Poulis we enumerated six factors a district court must consider before it dismisses a case pursuant to such authority.") Id., at 868. This Court should apply in this case, an

abuse of discretion standard whenever a district court, sua sponte, dismisses a complaint by distorting the IFP , reversing a previously GRANTED IFP is judicially unethically and is committing malfeasance or misfeasance in office" by keeping a Plaintiff from having his 'day in court' on the merits of the complaint. See 14th Amendment, Due Process and Equal Protection of Law, and Title 18 U.S.C. § 4.

A district court's intended failure to issue a default judgment under Federal Rules of Civil Procedure 55(b), as sanctions for defendant's attorney, (agents) failure to reply as Ordered and answer as required or settle the case, e.g., <u>Comdyne I, Inc. v. Corbin</u>, 908 F.2d 1142, 1148 (3rd Cir. 1990)('. .In addition, this Court required [a] <u>Poulis</u> analysis when a district court 'fails to serve a Defendant' under § 1915(a)(1) and (d) must impose sanctions that are tantamount to default judgment because the defendants inevitably are liable and four years of delays by those defendants must lead to liability for all parties.") E.g., <u>Ali v. Sims</u>, 788 F.2d 954, 957 (3rd Cir. 1986). "Our application of <u>Poulis</u> in the contexts comports with the underlying concern <u>Poulis</u> sought to address, namely a dismissal is a sanction before an adjudication of the merits of a case deprives Plaintiff his day in court." See, e.g., <u>Adams v. Trs. of N.J. Brewery Emps. Pension Trust Fund</u>, 29 F.3d 863, 870 (3rd Cir. 1994); <u>Livera v. First Nat'l State Bank of N.J.</u>, 879 F.2d 1186, 1194 (3rd Cir. 1989); <u>Scarborough v. Eubanks</u>, 747 F.2d 871, 875 (3rd Cir. 1984); cf., <u>Fleisher v. Standard Ins. Co.</u>, 679 F.3d 116, 131 (3rd Cir. 2012) (Garth, J. dissenting) (citing the Poulis test is an example the "lengths we go in preserving cases for a merits determination").

## ARGUMENTS  -1-

Does the Magnuson-Moss Warranty-FTC Acts provide a district court, sua sponte, reasons to dismiss Plaintiff's clearly written complaint by it using § 1915(e)(2)(B)(i) when the complaint states 'felonies' were committed by at least two HP's and Staples' agents and employees of those defendants, under the RICO Act and 18 U.S.C. § 4?

The Magnuson-Moss Warranty and Federal Trade Commission Improvement Acts, ("MMWA-FTC Acts"), was enacted by Congress to provide that "[a] consumer who is damaged by the failure of a supplier, warrantor, or manufacturer to comply with any obligation under this chapter, or under a written and implied warranty, or service contract, may bring suit for damages and other legal and equitable relief." Title 15 U.S.C. §§ 2301 to 2310(d)(1) (Code, 2003 Ed.)  Suits may be filed in either State or Federal court of this Federal Statute, (Act).  And MMWA, CFR 16 § 700.8, states, "A warrantor shall not indicate in any written warranty . . . either directly or indirectly that the decision of the warrantor, . ., or any designated third party is final or binding in any disputes concerning the warranty ."  § 2310(d).

Such a statement is deceptive since § 110(d) of the Act gives State and Federal courts jurisdiction over suits for breach of warranty and service contracts. The district court erred by considering that the defendants' combined commissions of 'fraud', 'conspiracy', and defendants', HP and Staples' total warranties given to the Plaintiff on his three-purchases of what was to had been –commercial quality, high-performance laptops, were clear misrepresentations made by the supplier, Staples and warrantor, manufacturer, Hewlett Packard, (HP) rendering a warranty illusory and present HP's primary fraudulent intentions to not perform, nor comply

with any provision of the [Federal Act] under both States' laws and covered by the

Magnuson-Moss Warranty Act, FTC Act, and RICO Act, § 1962(c), § 1964(c).

Equally, Plaintiff's complaint also includes as separate counts, criminal acts

enumerated under the RICO Act, 18 U.S.C. § 1961, § 1964(c), which allows for and

provides that a civil Plaintiff can recover from a person, Defendant, (Corp.), treble

damages with misconduct committed by a Defendant or agents of the defendants,

when each acts in concert with another to bring about a criminal act or conduct

against a Plaintiff.

The Racketeering Influenced Corrupt Organizations Act, ("RICO"), 18 U.S.C.

§ 1961, et. seq., was enacted by Congress to respond to the infiltration of organized

crime and racketeering into the legitimate organizations operating in interstate

commerce. 18 U.S.C. § 1961-1968, (West Publ. 2003). Congress targeted organized

crime throughout a broad statutory scheme that included severe criminal penalties,

fines, imprisonment, asset forfeiture, and civil remedies in an effort to undermine

the economic power of racketeering organizations. – The Statute enables private

litigants to act in effect as 'attorney generals' to sue for injuries to their businesses

and to the plaintiff's property caused by [a] RICO violation(s). See Rotella v. Wood,

528 U.S. 549, 557 (2000). See also, Bridge v. Phoenix Bond & Indemnity Co.,

(citation omitted)(2008), held unanimously, "[t]hat a civil RICO plaintiff does not

need to show that he/she detrimentally relied on defendant's alleged misrepresenta-

tions. . . . We REVERSED the district court's dismissal of plaintiff's RICO claims

because the WDCA does not preempt their RICO claims because plaintiffs have

sufficiently pleaded a pattern of racketeering activity. . . ." (Quoting, <u>Brown v. Cassens Transport Co.</u>, (citation omitted) (6th Cir. 2008).

Civil RICO claims have alleged wrongdoings actionable under [a] State and Federal laws and common law statutes as well under § 1964(c).  Plaintiff outlines in the complaint those elements for MMWA-FTC and RICO Acts violations which provide a court with a clear understanding of Plaintiff's claims and assertions of injuries, harm, and various other damages inflicted on the Plaintiff by defendants' agents, managers, employees and directors, subordinate to the CEO and President over four (4) years, (2009-2013).  <u>United States v. Parise</u>, 159 F.3d 790-93, (3rd Cir. 1998), n. 2540[6].

There are no sections contained anywhere in the Magnuson-Moss Warranty Act, Federal Trade Commission Improvement Act and Racketeer Influence Corrupt Organization Act, does not allow nor provide any court within any section of the Act a means to dismiss a complaint, sua sponte, under the In Forma Pauperis statute, 28 U.S.C. § 1915(a)-(e)(2)(B)(i).  This raises some independent concerns about the district court's present intentions and past knowledge that a 'foreign' district court's appearances to 'intentionally or prejudicially', with the strong appearance of judicial acts of bias or favoritism to cause a complaint to be improperly, unconstitutionally, dismissed as a favor to those three (3) foreign [California's] district courts.

---

[6]. Manual for Complex Litigation, 4th Ed., 2006, David F. Herr, Thomson-West Publ., p. 794.

Page 12 of 24

On these serious Constitutional concerns of Due Process Clause and Equal

Protection of Law, under the 14th Amendment, as unethical means for a district

court to sua sponte dismiss a clearly written MMWA-FTC, RICO Complaint does

not give a district court the judicial ability to abuse its discretion, claiming a

complaint under § 1915(e)(2)(B)(i) contains malice or was malicious.  Title 18 U.S.C.

§§ 1961, 1962(c) and § 1964(c) allows and provides that a Plaintiff's filed complaint,

under RICO, meets those elements outlined by the United States Supreme Court's

decisions in Holmes, 503 U.S. at 268, and Anza, 547 U.S. 451, 456-461 (2006)
("Accepting the facts as recited in the complaint, the defendants' fraudulent acts
were a "substantial and foreseeable cause" of the injuries alleged by
the plaintiffs . . ."); In Trollinger v. Tyson Foods, Inc., 370 F.3d 602,
615 (6th Cir. 2004)(". . . explaining in a RICO case, that proximate
cause is shown when "the wrongful conduct [is] a substantial and
foreseeable cause" of the injury and the relationship between the
wrongful conduct and the injury is "logical and not speculative").  The
"direct causal connection" require- ment has been met, as no "intricate,
uncertain" inquiries are required to link the defendants' alleged fraud
and Plaintiff's injuries.  Id., Anza, at 460. 61 (2006).

In Nietzke v. Williams, 490 U.S. 319 (1989), the Supreme Court in construing
the meaning of "frivolous" for 28 U.S.C. § 1915(d), held that "a
complaint that does not contain both factual allegations and legal
conclusions, (emphasis added), is frivolous where it lacks an arguable
basis either in law or in fact."  Id., at 325.  In addition, a court in
reviewing an in forma pauperis complaint is not bound, as it usually is
when making a determination based solely on the pleadings, to accept
without question the truth of a Plaintiff's allegations.  Denton v.
Hernandez , 504 U.S. 25 (1992).  However, when initially assessing a
complaint, the factual allegations must be weighed in favor of the
Plaintiff.  Id. at 32. (citing Coppedge v. United States, 369 U.S. 438,
447 (1962)).

Appellant is a pro se litigant with both a legal education and direct help and

assistance from those States' Attorney Generals offices, pursuant to Rotella v. Wood

[7], 528 U.S. 549, 557 (2000) ("The RICO statute enables a 'private litigant' to act IN-EFFECT, as an ATTORNEY GENERAL (emphasis added) to –jointly sue a person, companies, businesses, entities, and corporations, for violating States and Federal Consumer Protection Act for those injuries, harm, and damages caused to a Plaintiff collectively for financial, personal, and business and property damages caused by defendants' RICO Act violations. (A pro se Plaintiff is entitled to some latitude.") See Conley v. Gibson, 355 U.S. 41 (1957); Bieros v. Nicola, 839 F.Supp. 332, 334 (E.D. Pa.1993).

Fiorani's MMWA complaint, as written and filed, however, it states clearly facts specific to which his allegations, claims and assertions do support his claims for relief against the defendants, Hewlett Packard and Staples that conceivably would prove that those three-district judges in California did knowingly, purposely and willfully are biased, prejudiced and are displaying clear favoritism for Hewlett Packard and Staples, (those defendants), constitutes specific violations of Plaintiff's constitutional rights. See Braverman v. Lachman, 1991 WL 61122, *1-2 (E.D. Pa.

---

[7]. This Circuit dismissed 15-States Attorney Generals from a major, nationwide criminal FTC, CFPB, DOJ, and those States' own civil, criminal, DMV, (Departments of Motor Vehicles), banking-lending discriminations, and their Consumer Protection Divisions joint investigations against some 100-Dodge dealerships that were operating in those 15 States between 2008 to 2013. FTC, CFPB Criminal, RICO and Civil cases: 10 - 0880, MDPA; 12-0416-MDPA; (12-2081, 3rd Cir. 2013, rev'd and remanded); and Bankr. Ct., SDNY, 09-50002-SMB, (02/05/2013). As of this Appeal, those judges in the USDC-EDVA have still not filed in court and not served any Dodge dealers-defendants from this [3[rd] Cir.] Court's remand to the MDPA district judge Jones in Jan. 2013, per this Court's GRANT of IFP and reversal of affirming of judicial misconduct by MDPA and EDVA judges, Ellis and Buchanan in and after about September 2010 and October 2012, February 2013.

1991) (complaint without factual allegations is dismissed as frivolous). Fiorani's

FTC-MMWA and RICO complaint must not be dismissed under. 28 U.S.C. § 1915(e)

(2)(B)(i) (West, 2009 Ed.) on the district court's abuse of discretion standard.

Appellant cannot find any legitimate reason within those Acts and in the 14th

Amendment's Equal Protection of Laws and Due Process, from which gives district

courts legal reasons to dismiss a civil complaint, alleged to be malicious or frivolous.

§ 1915(e)(2) (B)(i). This Court has reversed and vacated lower court decisions and

orders under the abuse of discretion standard of review. United States v. Parise,

159 U.S. F.3d 790, 793 (3rd Cir. 1998).

The district court seriously erred, dismissing Appellant's MMWA-FTC, RICO

Complaint under 28 U.S.C. § 1915(e)(2)(B)(i) when the district court did not state in

its Memorandum, (1). Where Plaintiff was malicious in his complaint? (2). The
district court did not say how Plaintiff is showing being malicious against those

Defendants, in the MMWA-FTC, RICO Complaint. Accordingly, Plaintiff should be

entitled to respond or dispute a district court's alleged specific areas in a sua sponte

order that dismisses a complaint that is claimed to be malicious.[8] "CJA, 'Courts.'"

> ("Although duplicative litigation between two federal courts is
> 'ordinarily to be avoided' pendency of action . . . is "no bar to
> proceedings concerning the same matter in federal courts having
> jurisdiction(s))."

---

[8]. West, legal research, "CJA, Courts", Key No.: 493(3), "Although duplicative
litigation between two federal courts is 'ordinarily to be avoided', pendency of action . . is
"no bar to proceedings concerning the same matter in federal courts having jurisdiction(s).'"

Accordingly, it is for these reasons, as stated, and on these Appellate Court's opinions, this Court must issue an order to reverse and remand, or vacate a district court's order of dismissal and remand it to the district court. See also 18 U.S.C. § 4. And because the district court's opinion and order of dismissal of the complaint for being malicious does not state therein any such facts nor gives any clear reasons to indicate the complaint of Plaintiffs is malicious. Id., NDCA, 09-cv-0328-JW, (2009).

### ARGUMENT -2-

Is it judicial misconduct under 18 U.S.C. § 4 and § 1979, and abuses of judicial discretion when a district court reverses previously GRANTED IFP, some 30-days, after learning Plaintiff had filed about 20 months ago, in another Federal district court his complaint, under RICO, Rotella v. Wood, 528 U.S.C. 549 (2000) and Monroe v. Pape, 365 U.S. 167 (1961)?

The district court knowingly abused his powers and authority, (discretion), when it dismissed the complaint, improperly using the IFP Statute, after first GRANTING the IFP . In reading several times, Judge Andrews' Order and Memo, dismissing Plaintiff's Complaint, using the IFP, § 1915(B)(2)(i) section indicates the district court seriously erred under the abuses of discretion and judicial misconduct that must be equally held to [the] Congress' specific enacted language of those Acts which were made into Federal law(s) intended to protect anyone, 'everyone' when a judge, as in this civil case, and that of other corrupted Federal judges in the Eastern District of Virginia, Alexandria, have factually been proven to be bribed, paid gifts and financial non-governmental payments to intentionally violate a pro-se claimant Plaintiff from reporting various forms of corruption and felony crimes committed by

others, like Judge Andrews' raising the 15-years of corruption, bribery and judicial

dishonesty in the(ir) Administration of Justice. See Title 18 U.S.C. § 4 says, in part
"A person can make a report to a judge or court on acts that are a
felony, or that such acts are criminal acts, . . .committed by a person,
(Defendant), against a person, (claimant, 18 U.S.C. § 1512, § 1513),
who made the claim." And the second part says, "makes a Federal
judge's hiding of a claim or concealing of or failing to take [implied–
proper-timely] judicial action against the (Defendant) . . . renders that
judge's conduct misfeasance or malfeasance in office." See also, Judge
Andrews' Memo and Order.

Moreover, the district court's Memo and Order have many inaccurately false,

distorted, and misrepresentations of both facts and law, which must be viewed by

this Circuit's supervisory and appellate authority jurisdiction which requires this

Court to reverse and remand, or vacate and remand, back to the district court with

expedited remedies that the district court can perform under many other Federal

and State MMWA-FTC, RICO Acts. See 18 U.S.C. § 4, § 1979, and Monroe v. Pape,

365 U.S. 167, 168 (1961).(defining absolute judicial abuses of laws and protections

under the United States Constitution's 14th Amendment.

Appellant asserts the district court abused its powers and discretion when it

claimed and asserted in its opinion and order that Appellant's Complaint was filed

with malice, as interpreted by § 1915(e)(2)(B)(i). Nowhere in the district court's

Memo opinion did the court state where the complaint expresses [any] such malice,

maliciousness, or vengefulness toward the defendants, personally or the Company,

HP and Staples, collectively. None of district court's cited Circuit Court holdings is

there any stated references to a knowledgeable Plaintiff's complaint's independent

reasons for refiling, what a court considers a duplicative complaint. Moreover, none

of those Circuit Courts have defined what constitutes a 'malicious', 'vexatious', or

other 'terminology' that has not been defined to more clearly describe what would be

a malicious complaint, under § 1915(B)(2)(i).

The district court cited <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989) as its distort

-ed reason to this Court to affirm dismissal. However, the Supreme Court held that

a complaint that is based on a "meritable legal theory" or has a "clear factual basis"

"is not baseless" and not "fantastic or delusional" scenario, – cannot be found to be

malicious under § 1915(B)(i). Plaintiff's facts are from the MMWA-FTC complaint

does not even come close to being 'baseless' or 'delusional'. Too, the district court

cited <u>Abdul-Akbar v. Department of Corr.</u>, 910 F.Supp. 986 (D.Del. 1995). That

California district court and this district Judge Andrews have abused its powers by

failing to inquire into Fiorani's, "[a] litigant's motivations'. . .whether the action is--

[f]actually– an attempt to vex, injure, or harass'" the Defendant. Citing <u>Deutsche v.</u>

<u>United States</u>, (3rd Cir. 1995), it failed to take into account any other contrary, facts

scenarios that whould cause a reversal of this Circuit's decision, based on following

the other Circuit's opinions, as held. Or, as Fiorani's Complaint fully states, have a

corrupted corporation comply with its prior 2009 California district court order from

which HP has never done so prior to 2009; and the California district court has

continued to ignore, thereby unconstitutionally causing delays, interfering with as

further illustrated by what four-Federal judges have consistently been keeping HP

from being FORCED to following that 2009 Federal order issued on HP, even before

any of Fiorani's two MMWA-FTC, RICO Acts Complaint were ever filed after 2011.

Page 18 of 24

This district court has consistently failed or refused to review the underlying

facts for the refiling in this district court, where an unbiased, impartial judge could

have read the California district court's entire record(s) that showed it has been

transfer-red to three-different courts and had been appealed to the Ninth Circuit for

one district court's denial of that IFP. See Fiorani v. Hewlett Packard, 12-16253

(9th Cir. 2012) Vacated and Remanded. (The district court's denial of an IFP is

appealable. We review a district court's denial to proceed in forma pauperis for

abuse of discretion.) See also, Tripati v. First Nat. Bank & Trust, 821 F.2d 1368 (9th

Cir 1987).

Appellant cites from the Memo's separate writing, that the district court had

"knowingly intended to violate Plaintiff's Constitutional Rights, Due Process and

Equal Protection of Laws, pursuant to the 14th Amendment. Factually, the Memo of

the district court, Judge Andrews did abuse 'his powers' of discretion, (judicial mis-

conduct) as held by the United States Supreme Court's holdings over the past 15

years, (1997 to 2013), in re., Caperton, (2009); Liteky, 507 U.S. (1993) (Section 455

(a) of Title 28 of the United States Code requires a federal judge to "disqualify him-

self in any proceeding in which his impartiality might reasonably be questioned.");

> The definitions of 'judicial abuse of discretion is outlined herein as:
> •  A failure to take into proper consideration the facts and law
> relating to a particular matter;  an arbitrary, intentional, or a
> knowingly biased and unreasonable departure from courts' precedent,
> stare decisis, and/ or clearly settled judicial procedures or custom.[9]

---

[9].  Appeal; Bad Faith; Error; Evidence; Precedent; Probative; Relevancy. West
Encyclopedia of American Law, Ed. 2. Copyright 2008, The Gale Group, Inc. All rights

• Where a trial court must exercise discretion in deciding a question of law, it must do so in a way that is not clearly outside of or against logic and the evidence.

• An improvident exercise of discretion is an error of law and grounds for reversing a decision on appeal. It does not, however, necessarily amount to bad faith, intentional wrong, or misconduct by the judge.

Appellant presents what are other factual reasons that the district court had

abused his judicial office, § 1979 and § 4, while violating his judicial ethics by his

written Memo and Order. This district court did exactly what Judge Jones had

done in the Middle District of Pennsylvania[10] did he 'knowingly transferred' to the

---

reserved.

[10]. 1. Allegation of facts constituting a deprivation under color of state (and) [Federal] authority of the guaranty by the Due Process Clause of the Fourteenth Amendment, satisfies to that extent the requirement of § 1979. Pp. 365 U.S. 170-71.

2. In enacting § 1979, Congress intended to give a remedy to parties deprived of their constitutional rights, privileges and immunities by official's who abused his [power, authority, and judicial] position. Pp. 365 U.S. 171-187.

(a) The statutory words "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory" do not exclude acts of an official, [Judge] or the policeman who can show no authority under state law, custom or usage to do what he did, or even who violated the state Constituion and laws. Pp. 365 U.S. 172-187.

(b) One of the purposes of this legislation was to afford a federal right in federal courts because, by reason of prejudice, passion, neglect, intolerance, or otherwise, state laws might not be enforced and the claims of citizens to the enjoyment of rights, privileges and immunities guaranteed by the Fourteenth Amendment might be denied by state agencies. Pp. 365 U.S. 174-180.

(c) The federal remedy is supplementary to the state remedy, and the state remedy need not be sought and refused before a federal remedy is invoked. P. 365 U.S. 183.

(d) Misuse of power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of []laws is action taken "under color of" []laws within the meaning of § 1979. United States v. Classic, 313 U.S. 299 and Screws v. United States, 325 U. S. 91. Pp. 365 U.S. 183-187.

corrupted Judge Ellis in the EDVA in Alexandria in or about March 2013, in direct

violations of § 4 and § 1979.  Since that unconstitutional transfer to the EDVA, that

district court has still not filed that civil case, 10-0880 MDPA, in compliance with

this Court's prior Order in January 2013, [12-0416].  See D.DE. Memo, Pp. 1 & 2.

### ARGUMENT -3-

> Is a district court's 2009 orders against a corporate defendant's illegal
> 2008 MMWA-FTC and RICO crimes and violations still subject to new
> prosecution by a consumer when that (same) defendant re-commits
> and re-violates that court order and State and Federal Acts; But a
> 2013 Federal district court ignores facts, sua sponte, by dismissing the
> complaint under § 1915, distorting Plaintiff's complaint as "vexatious,
> malicious and harassing" against the same defendants five years later?

As has been stated above in this Appeal, Appellant Fiorani was a class-action

Plaintiff in the first (2008-09, California U.S. district court) case, LeBlanc, et al., v.

Hewlett Packard, et al., 09-0328-JW, (USDC-NDCA 2009), that did successfully

prosecuted HP) for its knowingly violating all parts, sections, and portions of the

MMWA, FTC Act, and under sections of § 1961, § 1962(c) and § 1964(c) of the RICO

Act, where HP and its many agents, managers, directors, executives and up to the

CFO, CEO, and President, had in 2008, and again in and after 2009 to 2013, have

intentionally, purposely, willfully and recklessly continued to violate all parts of the

FTC Act, MMWA, and defendants' have repeatedly manufactured defective laptops

to consumers and thereafter maliciously failed, intentionally refused and knowingly

disregarded those thousands of consumers' incoming Magnuson-Moss Warranty

Complaints, which includes, but is not limited to Appellant Fiorini's over these past

five years.  See (Pltf. Exhs., Docs, and Files).

Appellant Fiorani seeks this Court continue to reverse and remand or vacate and remand to the district court(s) on these never raised and challenged facts that a complaint from a pro se should never be dismissed under nearly all of this district judge's (Andrews') cited cases from this Circuit and other circuits without first look-ing behind and around the entire reasons for the filing by pro se Plaintiffs, despite a reading of § 1915(B)(2)(i). Likewise, when reading the two pages of Judge Andrews' memorandum, there are many inaccurate assertions or claims Judge Andrews made that are untrue, distorted, and which is outright false by its representation. Judge

Andrews 'parroted' from somewhere, he says, "Fiorani is a frequent filer in the federal courts. His practice of filing frivolous lawsuits in the United States District Court in the Northern District of Virginia resulted in a prefiling injunction that prohibits him from "filing [] actions in federal district court without prior leave of the court."

All Federal judges should know that there is no –Northern District Court of Virginia. A first year law school student learns that in both Legal Writing and Research, (L-1). Next, Judge Andrews, by his referencing something that is both untrue, fabricated, and inaccurate, as asserted from the district court, who is really being 'vexatious, malicious, and intentionally displaying totally unprofessional and unethical (judicial) conduct under 28 U.S.C. § 455(a) and § 144, from the U.S. Supreme Court's holdings in re., Liteky, (citation omitted) and Caperton, (citation omitted) (2009). Third, the district court's citation, "See Fiorani v. Chrysler-Dodge Corp., (citation omitted) (E.D. Va. May 12, 2000), must further illustrate by specific demonstration that Judge Andrews has an underlying amount of prejudices, biases, and a total disregard for the U.S. Constitution, his Judicial Oath, and for his job

and position on the Bench. Specifically, the U.S. Bankruptcy Court in the Southern

District of New York, 'ordered me to appear in that case'. See www.Epiq.com/old

carco. (Feb. 5, 2013). U.S. District Judge Ellis was under 'criminal, judicial, and

civil investigations for his being 'caught' taking a bribe; Unconstitutionally blocking

and hindering dozens of pro se complaints from being filed and going forward to

trial or hearings; And, the U.S. Justice Department and Office of the Inspector

General is investigating Judge Ellis for unethically and unconstitutionally violating

many plaintiff's rights under 18 U.S.C. § 4 and § 1979, when this Circuit reversed

and remanded from the Middle District of Pennsylvania a Chrysler-Dodge 'criminal'

and civil case to be opened up in his court, Judge Ellis violated both the superior

Orders of a Circuit Court as well as he knowingly, after six-months, has continued

to block, interfere with, and unconstitutionally violated plaintiff's rights under the

Due Process and Equal Protection of Laws of the 14th Amendment.

Accordingly, too, the district judge's memorandum and order to dismiss, says

on page 1 of the memo, "Plaintiff filed the instant complaint on January 22, 2013. It

contains (sic) fifteen courts, all related to the purchase of computers. See 15 U.S.C.
§ 2301 to § 2310. "The Act applies to all consumer protects, defined as
either a written affirmation or promise that the materials or workman-
ship is defect free, or will meet a . . . specified level of performance over a
specified period(s) of time; or (2) . . . to refund, repair, and replace, or
otherwise remedy a defective product if it fails to meet specifications as
set forth." . . . "A consumer under the Magnus on-Moss Act is anyone—
[] who buys a consumer product . . ."
That blanket statement without much, much more from the district judge is

displaying, or should raise that the district judge was not at all interested in having

this MMWA-FTC and RICO causes of action filed a second or third time by a pro se

plaintiff who was collaborating with, discussing all this/these cases' specifics with

and who has never filed any 'frivolous' civil complaint where there is not or never a

factual basis and foundation for it to be filed.  Consequently, this Circuit Court must

also promptly handle and use its supervisory powers to FORCE a corrupted USDC-

EDVA, Judge Ellis to forthwith, serve on and have all Chrysler-Dodge dealers', as

defendants, appear and answer for their equally criminal, lending, banking, and

consumer protection law violations under those 15-States' separate criminal and

DMV violations.

Finally, Appellant Fiorani requests this Court reverse and remand with more

specific instructions to the district court that it must promptly serve on all named

defendants, HP and Staples, FORTHWITH, pursuant to various other Federal

districts and Circuit Court's GRANTING plaintiff Fiorani's and Appellant Fiorani's

IFPs as submitted.

## CONCLUSION

Appellant requests this Court reverse and remand, or vacate and remand to

the district court ordering the district court to FORTHWITH, on this Appeal, serve

all defendants, under § 1915(a)(1) and (d).  And that the district court is to promptly

issue against defendants, FORTHWITH, what the Federal Rules of Civil Procedure

Rules 55 and 64 allow for and provide to all parties in a civil suit whenever another

party does intentionally fail, willfully refuses and deliberately ignores at least three

Federal Circuit Court's Orders to 'defendants' under Rule 4 to reply, answer, or to

appear will be criminally and civilly sanctioned, under Rule 11 of the Federal Rules

of Civil Procedure.

Therefore, it is on these grounds and for these reasons this Circuit Court must reverse and remand or vacate and remand to the district court with proper instructions to keep this case here and promptly have all named defendants served and default judgments issued pursuant to Rules 55 and 64.


Ross A. Fiorani, Et. al.,
Appellant, Pro-Se and Plaintiffs
7115 Latour Court,
Kingstowne, VA. 22315
(703) 719-0272 home
(703) 822-1879 cellphone
valegal53@gmail.com


## CERTIFICATE OF SERVICES

I, Ross Fiorani, do hereby certify to this Court that I have mailed, pre-paid, and I have served by U.S. Mails on the defendants, Hewlett Packard and Staples, at their respective Corp. offices' addresses on file with this Court. And I have mailed copies of this Appeal to the Ninth Circuit and U.S. District Court, Northern District of California on this 11th day of July, 2013.


Ross A. Fiorani, Et. al.,
Appellant, Pro-Se and Plaintiffs
7115 Latour Court,
Kingstowne, VA. 22315
(703) 719-0272 home
(703) 822-1879 cellphone
valegal53@gmail.com